Mr. Daniel Wright Attorney for City of Elkins
1874 Stokenbury Road Elkins, Arkansas 72727
Dear Mr. Wright:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). Your request, which is made as the custodian's attorney, is based on A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel or employee evaluation records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
Your letter indicates that someone has requested several documents under the FOIA. While you have included the FOIA requester's letter, it is not clear to me what she is seeking. But after reviewing the redacted records you intend to provide, I assume she is seeking the entire personnel file for the police officer in question. The subject of the records objects to the release of these records, though you do not say why. You ask whether your decision to release the attached, redacted documents is consistent with the FOIA.
RESPONSE
My statutory duty is to state whether the decision of the custodian of records is consistent with the FOIA. Having reviewed the records, it is my opinion your decision to release the attached documents is generally consistent with the FOIA. However, there are two sets of problems. The first set pertains to the documents as a whole. One document cannot be released at all; another must be partially redacted because it is the personnel record of a different employee. The second set pertains to redactions. You have failed to redact some information that should be *Page 2 
redacted. Further, some of the redactions you have made, while substantively proper, do not comply with the FOIA's requirement that the redactions be "indicated on the released portion of the record." These matters will be explained more fully below.
DISCUSSION
I will begin my analysis by setting out the general rules and definitions and then apply those to the records you intend to release.
I. General standards governing disclosure.
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
The first two elements appear met in this case. As for the first element, the documents are held by police department, which is a public entity. As for the second element, the FOIA defines "public record" as:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.[1]
All the documents you have attached are writings, that are obviously kept, and that reflect the performance of official functions. Therefore, in my opinion, these *Page 3 
documents are public records and must be disclosed unless some specific exception provides otherwise.
II. Exceptions to disclosure.
The FOIA provides two exceptions for items normally found in employees' personnel files.[2] For purposes of the FOIA, these items can usually be divided into two mutually exclusive groups: "personnel records" or "employee evaluation or job performance records."[3] The test for whether these two types of documents may be released differs significantly.
When custodians assess whether either of these exceptions applies to a particular record, they must make two determinations. First they must determine whether the record meets the definition of either exception. Second, assuming the record does meet one of the definitions, the custodian must apply that exception's test for disclosure to determine whether the FOIA requires that record be disclosed.
Because no document you have attached appears to be an employee-evaluation record, I will restrict this discussion to personnel records.
While the FOIA does not define "personnel records," this office has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, *Page 4 
former employees, or job applicants.[4] Whether a particular record meets this definition is, of course, a question of fact that can only be definitively determined by reviewing the record itself. If a document meets this definition, then it is open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."[5]
While the FOIA does not define the phrase "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court, inYoung v. Rice, [6] has provided some guidance. To determine whether the release of a personnel record would constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test that weighs the public's interest in accessing the records against the individual's interest in keeping the records private. The balancing takes place with a thumb on the scale favoring disclosure.
To aid in conducting the balancing test, Young v. Rice
developed a two-step approach. First, the custodian must assess whether the information contained in the requested document is of a personal or intimate nature such that it gives rise to greater thande minimus privacy interest.[7] If the privacy interest is merely de minimus, then the thumb on the scale favoring disclosure outweighs the privacy interest. Second, if the information does give rise to a greater than de minimus privacy interest, then the custodian must determine whether that interest is outweighed by the public's interest in disclosure.[8] Because the exceptions must be narrowly construed, the person resisting disclosure bears the burden of showing that, under the circumstances, his privacy interests outweigh the public's interests.[9] The fact that the subject of any such records may consider release of the records *Page 5 
an unwarranted invasion of personal privacy is irrelevant to the analysis because the test is objective.[10]
Whether any particular personnel record's release would constitute a clearly unwarranted invasion of personal privacy is always a question of fact.[11]
Even if a document, when considered as a whole, meets the test for disclosure, it may contain discrete pieces of information that have to be redacted. Some items that must be redacted include: dates of birth of public employees (Op. 2007-064); social security numbers (Ops. 2006-035, 2003-153); medical information (Op. 2003-153); any information identifying certain law enforcement officers currently working undercover (A.C.A. § 25-19-105(b)(10)); driver's license numbers (Op. 2007-025); insurance coverage (Op. 2004-167); tax information or withholding (Ops. 2005-194, 2003-385); payroll deductions (Op. 98-126); banking information (Op. 2005-195); unlisted telephone numbers (Op. 2005-114); home addresses of most public employees (A.C.A. § 25-19-105(b)(13)); personal e-mail addresses (Op. 2004-225); and marital status of employees and information about dependents (Op. 2001-080).
III. Application.
We can now apply the foregoing to the attached documents. The custodian has, in my view, correctly classified all the attached documents as public records. Further, nearly all the records are probably classified as the subject's personnel records. One page contains three different picture IDs. Pursuant to the specific exception in the FOIA for this ID, it must be redacted in full. Another item is actually the personnel record of a different police officer. This letter, which is contained in a letter dated January 20, 2009 from Chief Ellis, references a former employee who is not the subject of the request. Accordingly, in this context, the reference to the former employee is his personnel record.[12] Accordingly, his date-of-birth must be redacted. *Page 6 
When it comes to redacting information from public records, custodians must do the following: (1) redact all redactable information, (2) and only the redactable information; (3) and they must do so in such a way that the requester can see that something has been redacted.[13] Your redactions meet the second element, but fail the first and third. As for the second element, all your redactions are substantively correct. But nearly all your redactions are not properly made, thus failing the third element. This is because most of your redactions seem to have been done with "White-Out," which makes it hard or impossible to tell that something has been redacted. The FOIA requires that, if possible, redactions be visible: "The amount of information deleted shall be indicated on the released portion of the record and, if technically feasible, at the place in the record where the deletion was made."[14]
As for the first element — i.e., redacting all information that must be redacted — you have missed several pieces of information that must be redacted. The following must be redacted:
 • On the document titled "Personal History Statement," all the following should be redacted pursuant to the foregoing citations: everything on page "123"; marital status; and the city, state, and landlord information for all former residences.
 • On the birth certificate, you must redact the subject's date-of-birth and the parents' names (Op. 2008-053).
 • You must redact all the information on the driver's license (Op. 2008-138), except the photograph (Op. 2011-003).
Some of these redactions are for check-marks next to a box marked "yes" or "no." These are arranged in such a way that, if the custodian only redacted the check mark in, say, box "yes," then it would be obvious that the answer to the question was "yes." This would defeat the purpose of the redaction. Accordingly, in my opinion, in these circumstances, the custodian should also redact the boxes or *Page 7 
blank spaces that were not checked. This seems to be the only way to preserve the confidentiality of the otherwise exempt information.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/RO:cyh
[1] A.C.A. § 25-19-103(5)(A) (Supp. 2009).
[2] This office and the leading commentators on the FOIA have observed that personnel files usually include: employment applications; school transcripts; payroll-related documents such as information about reclassifications, promotions, or demotions; transfer records; health and life insurance forms; performance evaluations; recommendation letters; disciplinary-action records; requests for leave-without-pay; certificates of advanced training or education; and legal documents such as subpoenas. E.g., Op. Att'y Gen. 97-368; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 187-89 (Arkansas Law Press, 5th ed., 2009).
[3] A.C.A. § 25-19-105(c)(1): "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
[4] See, e.g., Op. Att'y Gen. No. 1999-147; Watkins Peltz, supra, at 187.
[5] A.C.A. § 25-19-105(b)(12) (Supp. 2009).
[6] Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992).
[7] Id. at 598, 826 S.W.2d at 255.
[8] Id., 826 S.W.2d at 255.
[9] Stilley v. McBride,332 Ark. 306, 313, 965 S.W.2d 125, 128 (1998).
[10] E.g., Op. Att'y Gen. Nos. 2001-112, 2001-022, 94-198.
[11] Op. Att'y Gen. Nos. 2006-176, 2004-260, 2003-336, 98-001.
[12] Op. Att'y Gen. 2011-072.
[13] A.C.A. § 25-19-105(d)(f)(3).
[14] Id.